LANDRY, Judge.
In this deficiency judgment action Titan Pipeline Corporation (Titan), as maker of two promissory notes secured by a collateral mortgage on certain immovable property, and the two accommodation endorsers on the notes, Jefferey L. Donnell and Ernest C. Donnell, appeal the granting of a summary judgment in favor of plaintiff, Modern Boats, Inc., and against the defendants in solido. This action, begun as an executo-ry proceeding, was converted into an ordinary proceeding when the proceeds of the judicial sale of the mortgaged property, following seizure and appraisement, failed to satisfy the indebtedness represented by the aforesaid promissory notes. The judgment appealed from also cast Odell Bartlett, purchaser of subject property at an earlier judicial sale, who failed to pay the bid price within thirty days as required by La.R.S. 13:4360, for the difference between the price bid by Bartlett at the first judicial sale and the purchase price ultimately realized at the second judicial sale. Finding no genuine issue as to a material fact and that plaintiff is entitled to the deficiency judgment as a matter of law, we affirm.
On November 21, 1977, Titan, through its president Jefferey L. Donnell, authorized by corporate resolution, executed a “ne var-ietur” mortgage note in the sum of $150,-000.00, payable to “itself,” and paraphed for identification with, and secured by, a collateral mortgage covering certain immovable property located in Livingston Parish, Louisiana. The note was endorsed in blank by the maker and individually by the accommodation makers, and contained a confession of judgment. On November 23, 1977, the collateral mortgage note was pledged to secure payment of two hand notes, payable to plaintiff, in the principal sums of $100,-000.00 and $25,000.00 respectively. The hand notes, stipulating 10% interest and 20% attorney fees, were each signed by Jefferey L. Donnell, in his capacity as president of Titan, and by Jefferey L. Donnell and E. C. Donnell, Jr. individually. Under the terms of the notes, the makers waived presentment for payment, demand, notice of nonpayment, protest and the pleas of division and discussion. Each note contains a provision that it forms part of a series of two promissory notes and that upon the failure of the makers to make any payments of principal or interest on either note when due, the entire amount of principal and interest shall become immediately due and payable.
Plaintiff instituted the present action for executory process on January 10, 1978, against Titan, the maker of the collateral mortgage note, alleging the pertinent facts recited hereinabove. Plaintiff also alleged that the payment due on the $25,000.00 note on January 7, 1978 was not made and that plaintiff invoked the acceleration clause contained in the notes. The property covered by the collateral mortgage securing the hand notes was seized by the Sheriff of Livingston Parish on January 12, 1978 and advertised for public sale to be held on March 1, 1978. Titan, through its counsel was served with notice of the seizure and sale on January 16, 1978, and advised of its *1314 right to appoint an appraiser to value the property prior to judicial sale. The property was advertised for sale according to law.
The appraiser chosen by Titan, Jack E. Evans, Jr., valued subject property at $393,-750.00. Plaintiff’s appraiser, Robert Mor-rill, estimated the fair market value of the property to be $110,000.00.
Pursuant to La.R.S. 13:4365, the Sheriff of Livingston Parish appointed a third appraiser, James E. Carpenter, who submitted an appraisal totalling $100,000.00.
At the sheriff’s sale held March 1, 1978, Odell Bartlett purchased the property for $195,000.00. Titan attempted to enjoin the transfer on the ground of lack of demand for payment preceding suit for executory process and also because of alleged irregularity in Carpenter’s appraisal. The requested temporary restraining order was granted by the trial court on March 3,1978, but was dissolved March 6, 1978, on plaintiff’s motion.
The adjudicatee at the sheriff’s sale, Odell Bartlett, failed to pay the bid price within 30 days of adjudication as required by La.R.S. 13:4360, despite official notification dated March 22, 1978. Upon plaintiff’s demand therefor, the property was readver-tised for public sale to be held June 28, 1978.
Prior to the scheduled second sale, the sheriff appointed an independent appraiser, Pete Giannobile, Jr., to fix the fair market value of the property. Giannobile appraised the property at $130,000.00. On July 7, 1978, plaintiff purchased the property through the sheriff’s act of sale for $86,-666.67, two-thirds of its appraised value of $130,000.00, subject to a superior mortgage in the sum of $45,162.33. Because the price bid was insufficient to discharge the writ in the principal amount of $125,000.00, the writ was returned unsatisfied.
Thereafter, plaintiff converted the execu-tory proceeding into an ordinary action for deficiency judgment, naming Jefferey L. Donnell, Ernest C. Donnell and Odell Bartlett as additional defendants. Answers were filed on behalf of all defendants who denied the allegations of the petition for deficiency judgment and urged the defense of usury.
Plaintiff, on October 23, 1978, moved for a summary judgment, alleging all pertinent facts, supported by the affidavits of the president of plaintiff corporation and counsel for plaintiff. Later, the affidavit of Agnes Bartley, employee of plaintiff, was filed in the record, which affidavit set forth the amount sought in the deficiency judgment action as follows:
“$125,000.00 - Original Principal Amount 7,431.38 - Interest through date of
Foreclosure Sale, June 28, 1978 (217 days at $34.246 per day) 3.458.71 - Cost
$135,890.09 - Total Amount Due (Exclusive of Attorney Fees) on June 28,1978
86,666.67 - Less Credit for Property Sale Price
$ 49,223.42
45,162.33 — Plus Amount Due on First Mortgage on Property Sold at Foreclosure
94,385.75 - Principal Amount Due after Foreclosure Sale (Exclusive of Attorney Fees)”
Defendants filed an exception of no cause of action on December 27, 1978, claiming there could be no deficiency judgment because the property was not appraised in accordance with law. Additionally, defendants filed an affidavit signed by E. C. Donnell, Jr. which asserted that affiant knows of his own personal knowledge that the property in question has a value in excess of the appraisal used for the foreclosure sale which preceded the present deficiency judgment action.
On January 12, 1979, judgment was signed by the trial court in favor of plaintiff and against defendants, Titan, Jefferey L. Donnell and Ernest C. Donnell, in solido, in the sum of $94,385.75, plus interest at the rate of 10% per annum from June 28, 1978, the date of the sheriff’s sale, and attorney’s fees equal to 20% of the principal and interest due. The judgment included an award in favor of plaintiff and against Odell Bartlett in the sum of $108,333.00 (representing the difference between the price bid by him at the first judicial sale of $195,000.00, and *1315 the price realized at the second sale of $86,666.67), together with legal interest. Prom this judgment, an appeal was taken by defendants Titan, Jefferey L. Donnell and Ernest C. Donnell.
Appellants’ brief contains no assignment of errors but appears to raise the following issues: (1) The judgment against Odell Bartlett is erroneous because Bartlett was not a maker or endorser of subject notes; and (2) A genuine dispute exists as to material facts, consequently summary judgment should not have been granted plaintiff.
Mr. Bartlett did not appeal. The delay for his taking an appeal has expired. The judgment as to him is final, even if erroneous. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
On appeal for the first time Appellants note that subject notes were signed by E. C. Donnell, Jr., whereas the judgment casts E. C. Donnell, without a suffix to his surname. This contention is without merit. The record establishes conclusively that the defendant in question uses the names E. C. Donnell and E. C. Donnell, Jr. interchangeably. For example, the typewritten portion of the hand notes indicates the name E. C. Donnell below the line on which Donnell signed as E. C. Donnell, Jr. Further, although suit was brought against E. C. Donnell and answered and appealed by E. C. Donnell, the appeal bond is signed E. C. Donnell, Jr. Also, the affidavit opposing plaintiff’s motion for summary judgment is signed E. C. Donnell, Jr. Under the circumstances we conclude there can be no genuine issue of fact concerning the identity of defendant Donnell because E. C. Donnell and E. C. Donnell, Jr. are one and the same party insofar as these proceedings are concerned.
Appellants’ final contention is that the appraisal utilized at the sheriff sale of June 28, 1978, is defective, unjust and improper, thereby precluding an action for deficiency judgment based thereon. It is shown that the property in question was at the time of the appraisal, the subject of another action in the district court entitled “John R. Robinson, III v. E. C. Donnell, Jr.,” which litigation primarily concerned the use to which subject property could be put in the light of certain restrictive covenants which appear to limit its use to residential purposes.
Appellants’ appraiser and the sheriff-appointed appraiser both valued the land “as is.” The value assessed by Appellants’ appraiser was approximately three times that of the appraiser appointed by the Sheriff. Appellants’ appraiser made his valuation on the premise that the best and highest use was for multi-family development. The appraisal of the sheriff-appointed appraiser was based on his opinion that best and highest use was development for single family waterfront campsites. On appeal, however, Appellants contend the property possesses high commercial value.
Concerning appraisals, La.R.S. 13:4365 pertinently states:
“The appraisers shall take an oath to make a true and just appraisement of the property.
If the appraisers cannot agree, the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final. . . .”
An affidavit of Peter Giannobile, Jr., the sheriff-appointed appraiser, was filed in conjunction with plaintiff’s motion for summary judgment. It avers that affiant personally inspected the property, considered all of its possible uses in the light of the market for property at the time of the appraisal and that affiant compared its value to that of surrounding properties.
In essence, Appellants maintain that the pending related litigation determinative of the use to which the property may be put, precludes a true, just and fair appraisal in this instance, upon which a deficiency judgment action may be based.
We disagree because of the patently adverse effect of such a rule upon a creditor proceeding properly in an executory proceeding. Such a rule would require a foreclosing creditor to defer appraisal and thus delay the sale until the resolution of all pending actions affecting subject property, *1316 thus defeating the very purpose of executo-ry process, namely, an expeditious sale of mortgaged property. Or proceeding otherwise, without an appraisal, the creditor would lose his right to a deficiency judgment. La.R.S. 13:4106.
We also note that La.R.S. 13:4365 requires that the appraisal of the sheriff-appointed appraiser shall be a true and just appraisement of the property, which shall be final. In this instance, the affidavit of said appraiser recites circumstances which support its validity as a-true and just appraisal.
The judgment is affirmed at Appellants’ cost.
AFFIRMED.